

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2003

# Fikreyesus v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 02-2420

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Fikreyesus v. Atty Gen USA" (2003). *2003 Decisions.* Paper 806.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/806

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2420
_____

ZEWENGEL TEWOLDE FIKREYESUS,
Petitioner

v.

JOHN ASHCROFT, ATTORNEY
GENERAL OF THE UNITED STATES,
Respondent

_____

PETITION FOR REVIEW OF AN ORDER
FROM THE BOARD OF IMMIGRATION APPEALS

(No. A78-520-691)

_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2002

BEFORE: NYGAARD, AMBRO, and LOURIE,* Circuit  Judges.

(Filed: February 12, 2003)

_____

\*        Honorable Alan D. Lourie, Circuit Judge for the United States Court of Appeals
for the Federal Circuit, sitting by designation.

OPINION OF THE COURT

NYGAARD, <u>Circuit</u> <u>Judge</u>.

## I.

Appellant Zewengel Tewolde Fikreyesus, a native and citizen of Eritrea, arrived at John F. Kennedy International Airport in NY, NY, on a flight from Tokyo, Japan, in transit to Bermuda. Appellant told airline personnel that he feared returning to Eritrea and that he wanted to apply for asylum. Appellant was referred to INS for a "credible fear" interview, and the matter was referred for an administrative hearing.

An immigration judge conducted a "merits" hearing at which petitioner testified in support of his application. The immigration judge accepted several exhibits, including the asylum application. Appellant stated that he feared harm as a consequence of his membership and activities with the Eritrean Liberation Front ("E.L.F.") when he lived in Eritrea, and after he fled to Sudan. This participation, however, was surreptitious, and the immigration judge noted that there was insufficient evidence that the Eritrean authorities were aware of petitioner's association with the E.L.F. in Eritrea or Sudan. The immigration judge also found that even if the Eritrean authorities discovered Appellant's activities with the E.L.F. in Sudan, there was insufficient evidence to show that such participation would bring him to some sort of harm if he were to return to Eritrea.

At the conclusion of the hearing, the immigration judge issued her oral decision in which she found Appellant removable and denied the application for asylum, withholding of removal and protection under the Convention Against Torture. The BIA dismissed appellant's appeal, and this appeal followed.

II.

The issue on appeal is whether substantial evidence of record would compel the conclusion that appellant has demonstrated past persecution, or a well-founded fear of persecution if he returns to Eritrea. We conclude he has not and will affirm.

Inasmuch as we write only for the parties and counsel, we find it unnecessary to state in any detail, more than that expressed above, the facts and procedure of this case. It is sufficient to note that the record indicates the existence of substantial evidence which supports the immigration judge's findings that Appellant failed to establish that he suffered past persecution on account of his political opinion. Appellant concealed from the authorities his membership and activities with the E.L.F. In addition, appellant was arrested and detained for one week after he spoke out during military training against conscripting students into the Eritrean army while his country was resisting invasion by Ethiopia. When he deserted, his parents were questioned about his whereabouts.

Simply put, the evidence does not compel a finding that appellant has established eligibility for asylum or withholding of removal. We will affirm.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge